1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOHN BAUER,                              No. C-04-2259 MMC

12              Plaintiff,                    **ORDER GRANTING IN PART AND
                                              DENYING IN PARTY AMPHENOL'S**
13      v.                                    **MOTION TO AMEND; GRANTING IN
                                              PART AND DENYING IN PART MOTION**
14   AMPHENOL CORPORATION,                    **TO INTERVENE; GRANTING IN PART
                                              AND DENYING IN PART MOTION TO**
15              Defendant                     **CONTINUE PRETRIAL AND TRIAL
                                              DATES**
16   AMPHENOL CORPORATION,

17              Counterclaimant

18      v.

19   JOHN BAUER,

20              Counter-defendant
     _____/

21

22          Before the Court are three motions, each filed September 2, 2005:  (1) defendant

23   Amphenol Corporation's ("Amphenol") motion to amend its answer and counterclaim

24   pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; (2) the motion of proposed

25   plaintiffs in intervention Amphenol East Asia Limited ("AEAL") and Amphenol East Asia

26   Limited, Taiwan Branch ("AMTA") to intervene, pursuant to Rule 24; and (3) the motion of

27   Amphenol, AEAL, and AMTA to continue the pretrial and trial dates, pursuant to Rule 16(b).

28   Plaintiff John Bauer has filed opposition to each motion, to which the moving party or

United States District Court

For the Northern District of California

1  parties have, in each instance, replied.  Having considered the papers filed in support of

2  and in opposition to the motions, the Court deems the matters appropriate for decision on

3  the papers, VACATES the hearing scheduled for October 7, 2005, and rules as follows.

4  **A.  Motion to Amend**

5      Amphenol seeks leave to amend its answer to add new affirmative defenses and to

6  amend its counterclaim to add new claims.

7      **1.  Answer**

8      First, Amphenol's request to amend to "revise the language and formatting of the

9  answer in ways that do not change its substance," (see Amphenol's Mot. for Leave to

10  Amend Answer and Counterclaim, filed September 2, 2005, at 1:24), will be granted,

11  plaintiff's having stated no opposition to amendment for non-substantive changes.

12      Second, Amphenol's request to add a defense to plaintiff's Seventh, Eighth, and

13  Ninth Causes of Action based on the statute of limitations, (see Proposed Amended

14  Answer ¶ 13),[1] will be granted, such defense, according to Amphenol, having been

15  inadvertently omitted from the original answer.  Although plaintiff opposes such

16  amendment, plaintiff fails to demonstrate he would be prejudiced by such amendment.  See

17  Morongo Band of Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990) (providing "leave

18  shall be freely given when justice so requires" and that such "policy is to be applied with

19  extreme liberality").

20      Third, the Court will grant Amphenol's request to add three "affirmative defenses,"

21  each based on acts of an adverse nature to Amphenol, allegedly committed by plaintiff

22  during employment negotiations and during the course of his employment.[2]  (See Proposed

23  Amended Answer ¶¶ 23-25.)  Although plaintiff argues that Amphenol will be unable to

24

25       [1]The proposed Amended Answer is Exhibit C to the Declaration of Jeffrey D. Wohl.

26       [2]It is unclear whether these new defenses are, in fact, affirmative in nature, or
whether they simply represent part of Amphenol's denial of plaintiff's prima facie case, in
27  particular, the requisite elements that the employment agreement under which he seeks
compensation was validly formed and that he was satisfactorily performing thereunder at
28  the time of Amphenol's alleged breach of such contract.

1   establish such defenses, the Court cannot conclude from the face of the proposed

2   amended answer that such new defenses necessarily will be futile.  See, e.g., J.A.

3   Peacock, Inc. v. Hasko, 196 Cal. App. 2d 353, 358 (1961) (holding "fraud, bad faith, gross

4   misconduct, gross mismanagement, or a failure to follow instructions on the part of the

5   agent forfeits his right to compensation for his services"); Miller v. Rykoff-Sexton, Inc., 845

6   F. 2d 209, 243 (9th Cir. 1988) (holding proposed amendment may be denied as futile "only

7   if no set of facts can be proved under the amendment to the pleadings that would constitute

8   a valid and sufficient claim or defense").  Under the law submitted by Amphenol, however,

9   such new defenses can only be based on actions taken by plaintiff that allegedly are

10  adverse to Amphenol, as opposed to the interests of third parties.  In particular, the new

11  defenses cannot be based on plaintiff's alleged "fraudulent overcharging" and "deceit" of a

12  third party, specifically, AMTA, (see Proposed Amended Answer at 5:17-19), and, thus,

13  leave to amend to include such allegations will be denied.  Further, for the reasons stated

14  in plaintiff's opposition, Amphenol was aware, well in advance of the filing of its initial

15  answer, of the basis for the "fraudulent overcharging" allegation.[3]  See Morongo Band of

16  Mission Indians, 893 F. 2d at 1079 (holding lengthy delay in seeking leave to amend is

17  relevant factor supporting denial of motion to amend).

18          Accordingly, Amphenol's motion to amend its answer will be granted, with the

19  exception that Amphenol will not be allowed to plead facts, in support of its new defenses,

20  pertaining to plaintiff's alleged overcharging and deceit of AMTA.

21      **B. Counterclaim**

22          First, Amphenol's request to add a claim for declaratory relief with respect to the

23  validity of the parties' alleged settlement agreement will be granted, plaintiff's having stated

24  //

25

26          [3]Amphenol's objection to plaintiff's offering a written statement Amphenol made in
    connection with settlement proceedings before a state agency is overruled, because
27  plaintiff does not rely on the statement to prove the validity, invalidity, or amount of a claim,
    but, rather, to prove Amphenol's notice of the existence of such claim.  See Fed. R. Evid.
28  408.

1   no opposition to such amendment.[4]

2       Second, Amphenol's request to add a counterclaim for breach of the parties'

3   Intellectual Property Agreement and a counterclaim for breach of the duty of loyalty, both

4   claims being based on the allegation plaintiff worked for competitors and sold a competing

5   business while employed by Amphenol, (see Proposed Amended Counterclaims ¶¶ 23-

6   44),[5] will be granted.  Plaintiff's argument that such claims are futile, because the other

7   companies assertedly were not competitors, raises an issue of fact that cannot be

8   determined from the face of the proposed amended counterclaim, and thus is not a proper

9   ground upon which to deny amendment.  See Miller, 845 F. 2d at 214.

10      Finally, Amphenol's request to add seven counterclaims, each based on the

11  allegation that plaintiff, after he was no longer working for Amphenol, infringed Amphenol's

12  trademarks and/or otherwise engaged in unfair competition with Amphenol, (see Proposed

13  Amended Counterclaims ¶¶ 45-105), will be denied.  First, for the reasons stated in

14  plaintiff's opposition, Amphenol was aware, well in advance of the filing of its initial answer,

15  of the factual bases for such claims; the fact that Amphenol more recently came into

16  possession of evidence that would, in Amphenol's view, make it easier to establish such

17  claims is not sufficient to excuse its undue delay.  Second, the addition of the trademark-

18  related counterclaims would dramatically change the scope of the instant proceeding.

19  Finally, there is no showing, nor does any seem likely, that the evidence to be  offered in

20  relation to the trademark-related claims would otherwise be relevant in the instant action,

21  such action involving the period of time during which the parties were negotiating plaintiff's

22

23  [4]A district court, nonetheless, may decline to exercise jurisdiction to consider a claim
    for declaratory relief where the moving party fails to show, inter alia, that the requested
24  declaratory judgment "will serve a useful purpose in clarifying and settling the legal
    relations in issue."  See Eureka Federal Savings & Loan Ass'n v. American Casualty Co.,
25  873 F. 2d 229, 231 (9th Cir. 1989).  Although the Court, at this time, does not reach this
    question, it would appear that any issue pertaining to validity of the settlement agreement
26  can be addressed in the context of Amphenol's existing claim for damages based on the
    settlement agreement and/or on plaintiff's answer denying the validity of such agreement,
27  and without the need to resolve a separate claim for declaratory relief.

28      [5]The proposed Amended Counterclaims is Exhibit E to the Declaration of Jeffrey D.
    Wohl.

4

1  employment contract and during plaintiff's employment.  <u>See</u> <u>Morongo Band of Mission</u>

2  <u>Indians</u>, 893 F. 2d at 1079 (affirming order denying leave to amend, where moving party

3  acted with undue delay and newly-proposed claims "would have greatly altered the nature

4  of the litigation").

5      Accordingly, Amphenol's motion to amend its counterclaim will be granted, with the

6  exception that Amphenol may not add the seven proposed counterclaims based on the

7  allegation that plaintiff, after he was no longer working for Amphenol, infringed Amphenol's

8  trademarks and otherwise engaged in unfair competition.

9  **B.  Motion to Intervene**

10     AEAL and AMTA seek leave to intervene to allege claims against plaintiff.

11     "Upon timely application," a party is entitled to intervene as of right "when the

12  applicant claims an interest relating to the property or transaction which is the subject of the

13  action and the applicant is so situated that the disposition of the action may as a practical

14  matter impair or impede the applicant's ability to protect that interest, unless the applicant's

15  interest is adequately represented by existing parties."  <u>See</u> Fed. R. Civ. P. 24(a).

16  Alternatively, as a discretionary matter, a district court, "[u]pon timely application," may

17  allow a party to intervene "when an applicant's claim or defense and the main action have a

18  question of law or fact in common."  <u>See</u> Fed. R. Civ. P. 24(b).

19     Here, to the extent the proposed new claims are based on plaintiff's alleged act of

20  overcharging AMTA for parts, (<u>see</u> Proposed Complaint in Intervention ¶¶ 7-14, 16-18, 28,

21  35-37, 57),[6] leave to intervene to assert such claims in the instant action will be denied.

22  Such claims, for the reasons discussed above, have not been made "upon timely

23  application."  <u>See</u> Fed. R. Civ. P. 24(a), (b).  Moreover, AEAL and AMTA have not

24  adequately shown such claims are related to the property or transaction that is the subject

25  of the action, or that such claims present common questions of law or fact with respect

26  thereto.  Finally, such claims, as asserted by AEAL, are deficient because AEAL does not

27  _____

28     [6]The proposed Complaint in Intervention is Exhibit G to the Declaration of Jeffrey D. Wohl.

1    allege plaintiff owed AEAL any duty with respect to plaintiff's agreement to obtain parts for

2    AMTA.

3          Second, to the extent the proposed new claims are based on alleged misconduct

4    associated with plaintiff's having engaged in the rental of office space on behalf of AMTA,

5    (see Proposed Complaint in Intervention ¶¶ 20-24, 30, 57), leave to intervene to assert

6    such claims herein will be denied.  Again, there is an insufficient showing that such claims

7    are related to the property or transaction that is the subject of the action, or that such

8    claims present common questions of law or fact with respect thereto.  Additionally, AEAL,

9    again, fails to allege that plaintiff owed it any duty with respect to the manner in which

10   plaintiff rented office space for AMTA.

11         Third, to the extent the proposed new claims are based on the allegation that plaintiff

12   made false statements during the parties' employment negotiations, (see Proposed

13   Complaint in Intervention ¶¶ 19, 29, 57),[7] intervention by AMTA to assert such claims will

14   be granted, because such claims present common issues with certain defenses and

15   counterclaims that Amphenol, as discussed above, will assert in the main action.  See Fed.

16   R. Civ. P. 24(b).  With respect to AEAL, however, the Court will deny intervention for the

17   reason AEAL has failed to allege it was plaintiff's employer or that AEAL otherwise could

18   have relied to its detriment on any statement made by plaintiff during his negotiations with

19   Amphenol and AMTA.

20         Finally, to the extent the proposed new claims are based on alleged breaches of the

21   Intellectual Property Agreement signed by plaintiff and Amphenol, (see Proposed

22   Complaint in Intervention ¶¶ 39-54, 56, Ex. A), intervention by both AEAL and AMTA will be

23   granted, because said agreement can, arguably, be interpreted as providing that AEAL and

24   AMTA are intended beneficiaries, (see id. Ex. A ¶ 13.a), and because such claims present

25   common issues with certain defenses and counterclaims that Amphenol will assert in the

26

27         [7]AMTA alleges that plaintiff was "jointly employed by Amphenol and AMTA."  (See
     id. ¶ 5.)  Although plaintiff, in his opposition, disputes that AMTA was his employer, such
28   dispute presents a question of fact that cannot be resolved from the face of the proposed
     Complaint in Intervention.

1   main action.  See Fed. R. Civ. P. 24(b).

2       Accordingly, the motion to intervene will be granted in part, to allow AMTA to assert

3   claims based on alleged false statements made by plaintiff during employment

4   negotiations, and to allow AEAL and AMTA to allege claims based on breaches of the

5   Intellectual Property Agreement.[8]

6   **C. Motion to Continue Pretrial and Trial Dates**

7       Amphenol, AEAL and AMTA move to continue all pretrial and trial dates by a

8   minimum of three months.  A pretrial and trial schedule "shall not be amended except upon

9   a showing of good cause."  See Fed. R. Civ. P. 16(b).

10      Here, the moving parties first argue that because the attorney retained by Amphenol

11  as its lead counsel is unavailable on the scheduled trial date of February 21, 2006, they are

12  entitled to a continuance.  The current pretrial and trial dates were set by order filed

13  November 8, 2004.  As the moving parties concede, Amphenol selected its lead counsel

14  after the trial had been set, i.e., with knowledge of the trial date.  (See Wohl Decl. ¶ 14.)

15  Moreover, the moving parties fail to address the matter of when Amphenol learned of any

16  potential conflict posed by the scheduled trial date, and thus have not shown that

17  Amphenol diligently sought to amend at such time as the potential conflict first arose.  In

18  short, the asserted scheduling conflict does not constitute the requisite good cause to

19  continue the pretrial and trial schedule.

20      The moving parties further argue that if Amphenol is allowed to amend its answer

21  and counterclaim, and if AMTA and AEAL are allowed to intervene, the action will become

22  "complicated," thus warranting a continuance.  (See Motion to Continue, filed September 2,

23  2005, at 6:16-19.)  The moving parties make no showing to support such conclusory

24  assessment, and indeed, plaintiff, the party adversely affected by the addition of the new

25  claims, counterclaims, and parties, opposes any continuance of the trial.  Moreover,

26  _____

27      [8]In their reply, in a footnote, AMTA and AEAL argue, without reference to or
    discussion of the elements set forth in Rule 24, that are entitled to intervene as defendants
28  to plaintiff's claims against Amphenol.  Because this issue is raised for the first time in a
    reply, the Court will not address it.

7

1    because the Court has not allowed Amphenol to assert its proposed trademark-related

2    counterclaims and has limited in scope the claims that may be asserted by the intervenors,

3    any such "complications" have been greatly lessened.  Under the circumstances, the

4    moving parties have failed to show good cause for the requested continuance.

5         The Court will, however, continue certain of the pretrial dates and deadlines,

6    specifically, the date of the next status conference, the non-expert discovery cutoff date,

7    and the dispositive motion filing deadline, as set forth below.

8                                    **CONCLUSION**

9         For the reasons stated:

10        1.  Amphenol's motion to amend its answer and counterclaim is hereby GRANTED

11   in part and DENIED in part:

12             a.  Amphenol may file its proposed amended answer, with the exception that

13   Amphenol may not plead facts, in support of its new defenses, pertaining to plaintiff's

14   alleged overcharging and deceit of AMTA.

15             b.  Amphenol may file its proposed amended counterclaims, with the

16   exception that Amphenol may not include therein any counterclaims based on the

17   allegation that plaintiff, after he was no longer working for Amphenol, infringed Amphenol's

18   trademarks, specifically, the proposed Fifth through Eleventh counterclaims.

19             c.  Amphenol's amended answer and counterclaims shall be filed no later

20   than October 14, 2005.

21        2.  The motion to intervene filed by AEAL and AMTA is hereby GRANTED in part

22   and DENIED in part:

23             a.  AMTA may intervene to assert claims based on alleged false statements

24   made by plaintiff during employment negotiations and based on breaches of the Intellectual

25   Property Agreement.

26             b.  AEAL may intervene to allege claims based on breaches of the Intellectual

27   Property Agreement.

28             c.  In all other respects, the motion to intervene is DENIED.

1      d.  The complaint in intervention shall be filed no later than October 14, 2005.

2      3.  The motion to continue the pretrial and trial dates is hereby GRANTED in part

3  and DENIED in part:

4      a.  The status conference is CONTINUED from October 21, 2005 to

5  November 18, 2005, at 10:30 a.m.  A joint status conference statement shall be filed no

6  later than November 10, 2005.

7      b.  The non-expert discovery cutoff is continued from November 3, 2005 to

8  November 28, 2005.

9      c.  The deadline to file dispositive motions is continued from November 4,

10  2005 to December 2, 2005.

11      d.  In all other respects, the motion to continue is DENIED.

12      **IT IS SO ORDERED.**

13

14  Dated:  September 28, 2005

15                                                                    MAXINE M. CHESNEY
                                                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

9